Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| IN RE: | CASE NO: 19-20987 |
|---|---|
| DEONE L. CLAYSON | Chapter 13 |
| Debtor | Judge WILLIAM T. THURMAN |

**TRUSTEE'S MOTION TO DISMISS**

The Standing Chapter 13 Trustee for the District of Utah, hereby moves the Court under 11 U.S.C. § 1307(c) and Local Rule 1007-1(a)(2) and 2083-1(g) for an order dismissing this case due to the Debtor's failure to timely comply with the provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules.

1. The Debtor filed a Chapter 13 petition on February 22, 2019, and the 341 Meeting is scheduled for March 29, 2019.

2. The following required document(s) were not filed with the bankruptcy court within 14 days of the petition date, as required by Bankruptcy Rule 1007 and/or 3015(b):

   A Chapter 13 Plan using the required Model Plan Official Form 113.  See Local Rule 2083-1(a).

   A completed Official Bankruptcy Form 122C-1 and/or Form 122C-2 ("Statement of Current Monthly Income") (see § 521(a)(1)(B)(v); Bankr. Rule 1007(b)(6); and Bankr. Rule 1007(c)).

    The Statement of Financial Affairs and/or Bankruptcy Schedules A - J (see § 1321; 521(a)(1)(B)(i)-(iii); and Bankr. Rule 1007(b)(1)(A)-(D)).

    The debtor(s) did not provide the Chapter 13 trustee with payment advices or other evidence of payment received within 60 days before the petition date as required by 11 U.S.C. § 521(a)(1)(B)(iv); Bankr. Rule 1007(b)(1)(E); and Standing Order 12-002.  The Debtor(s) should timely file such payment advices or provide evidence that they did not receive payment advices for the relevant date.  If this issue is not resolved "within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  See 11 U.S.C. § 521(i)(1), Bankr. Rule 1007(b)-(c).

3.   Because the required bankruptcy papers were not timely filed, the Trustee will be unable to adequately review this case before the 341 Meeting so that a complete and meaningful examination of the debtor can be conducted. However, **the debtor must appear** and the Trustee will call and preside at the §341 meeting to permit creditors to question the debtor, but the Trustee will not question the debtor and the §341 meeting will be continued until after a hearing on the motion to dismiss has been held __unless__ prior to the §341 meeting the debtor resolves the above-noted deficiencies which gave rise to the motion to dismiss __and__ the court enters an order directing the Trustee to conduct and question the debtor at the scheduled §341 meeting (See Local Rule 2083-1(g)).

4.   The debtor must still make the first Chapter 13 plan payment to the Trustee on or before the first scheduled 341 Meeting (see Local Rule 2083-1(c)).  Failure to appear at the scheduled 341 meeting will result in an additional motion to dismiss to be filed (See Local Rule 2083-1(f)).

5.   Pursuant to Local Rule 2083-1(g), you must file an objection to this with the bankruptcy court within 21days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case.  Unless otherwise directed by the court, this motion will be heard at the confirmation hearing scheduled for May 07, 2019.

    WHEREFORE, the Trustee moves this Court for the entry of an order dismissing this case under 11 U.S.C. § 1307(c).

DATED: 03/15/2019

                                                      LAJ /S/
                                                    LON A. JENKINS
                                                    CHAPTER 13 TRUSTEE

CERTIFICATE OF MAILING

The undersigned hereby certifies that true and correct copy of the foregoing Trustee's Motion to Dismiss was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on March 15, 2019:

DEONE L. CLAYSON, 6237 SOUTH 4800 WEST, SPANISH FORK, UT  84660

PRO SE,

/s/ Rachel Rees